NUMBER 13-98-350-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CHRISTOPHER FLANDERS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Yañez


 Appellant, Christopher Flanders, pleaded guilty to the offense of
aggravated robbery,(1) and a jury assessed punishment at fifteen years
imprisonment and a $10,000 fine. Appellant raises two points of error,
complaining of the trial court's failures to admonish him as to the full
range of punishment and to charge the jury about the basic conditions
of community supervision. We affirm.

 In his first point of error, appellant alleges it was reversible error
for the trial court to fail to admonish him he could be assessed a fine
not to exceed $10,000. See Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon & Supp. 1999). It is undisputed the trial court admonished him
the range of punishment for aggravated robbery is no less than five
years, no more than 99 years or life. At one time a total failure by the
trial court to admonish the defendant concerning the range of
punishment was reversible error, without regard to whether the
defendant was harmed. Weekly v. State, 594 S.W.2d 96, 97 (Tex. Crim.
App. 1980); Stewart v. State, 580 S.W.2d 594, 595 (Tex. Crim. App.
1979). However, when there was substantial compliance with the
admonishments required by article 26.13(a)(1), the defendant had to
affirmatively show he was not aware of the consequences of his plea
and that he was harmed by the admonishment of the court. See Tex.
Code Crim. Proc. art. 26.13(c)16 (Vernon 1989). When the 

 defendant has received an admonishment with respect to
punishment, although not a complete one, there is a prima
facie showing of a knowing and voluntary plea of guilty. The
burden then shifts to the defendant to show that he entered
in the plea without understanding the consequences of his
action and thus was harmed. 


Ex parte McAtee, 599 S.W.2d 335, 336 (Tex. Crim. App. 1980) (citing 
Weekly, 594


S.W.2d 96). 


 The rule in Weekly that even a complete failure to admonish is
automatic reversible error without regard to harm has been overruled
by Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), which
holds that virtually no error, except for certain federal constitutional
errors, is categorically immune to harmless error analysis. Aguirre-Mata
v. State, 992 S.W.2d 495, 497-98 (Tex. Crim. App. 1999)(citing High v.
State 964 S.W.2d 637, 638 (Tex. Crim. App. 1998)). Under the present
rule, when an incomplete admonishment on the range of punishment
has been provided, this Court must apply a harm analysis. Id. at 498. 
Any error in admonishing the appellant under art. 26.13(a)(1) that does
not affect the appellant's substantial rights must be disregarded. Tex.
R. App. P. 44.2(b); Aguirre-Mata, 992 S.W.2d at 498.

 Appellant states that he was harmed because he was fined
$10,000 without being informed of this possibility. Appellant does not
argue, however, that his lack of awareness of the fine affected the
voluntariness of his plea or that he would not have pleaded guilty had
he been admonished of the fine. Moreover, the record affirmatively
shows appellant had some knowledge that the punishment included a
fine. 

 Point of error number one is overruled.

 In his second point of error, appellant alleges that the trial court
failed to include the basic conditions of community supervision in the
jury charge, thus denying appellant a fair trial. No objection to the
charge was made, therefore appellant must show that the trial court
committed a "fundamental" error which was so egregious as to prevent
appellant from having a fair and impartial trial. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984). 

 A trial court is not required to include in the charge all of the basic
conditions of community supervision listed in the code of criminal
procedure. Yarbrough v. State, 779 S.W.2d 844, 845 (Tex. Crim. App.
1989)(pet dism'd, improvidently granted). Failure to do so is not
fundamental error and did not prevent appellant from having a fair and
impartial trial. 

 Point of error number two is overruled.

 We AFFIRM the Judgment of the trial court.



 ________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 11th day of May, 2000.


1. See Tex. Pen. Code Ann. § 29.03(b) (Vernon 1994).